IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-49-F

| | |
|---|---|
| JOYCE LONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| HSBC CARD SERVICES, CAPITAL ) | |
| ONE SERVICES, LLC, CAVALRY ) | |
| PORTFOLIO SERVICES, FINANCIAL ) | |
| RECOVERY, CAPITAL ) | |
| MANAGEMENT, EQUIFAX ) | |
| INFORMATION SERVICE, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Motion to Dismiss and, Alternatively, to Enforce Settlement [DE-32] filed by Defendant Capital Management Services, L.P. ("CMS"). Despite receiving a notice [DE-34] pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam) informing her of the motion to dismiss, the consequences of failing to resond, and the response deadline, *pro se* Plaintiff Joyce Loney has failed to respond to the motion. Because her claims against CMS are barred by a settlement agreement, the motion [DE-32] is ALLOWED and Loney's claims against CMS are DISMISSED.

Loney initiated this action by filing a complaint [DE-1-1] in the District Court for Brunswick County, North Carolina, against CMS and five other defendants, alleging violations of (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; (2) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; (3) N.C. Gen. Stat. § 58-70-1, *et seq.*; and (4) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The action was removed to this

court on March 14, 2014 [DE-1]. CMS filed its motion to dismiss or, alternatively, to enforce the settlement agreement [DE-32] on April 25, 2014.

Therein, CMS argues that Loney alleges only conclusory claims indiscriminately against all defendants, and fails to allege any specific facts against CMS. According to CMS, this along with other deficiencies in the complaint, prevent any of the Loney's claims against CMS from meeting the pleading requirements established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and therefore they should be dismissed.

CMS also argues that a settlement agreement Loney executed subsequent to the initiation of this lawsuit extinguishes her claims against it. Specifically, CMS has filed a redacted March 19, 2014 Settlement Agreement and Release executed by Loney and a representative of Cavalry Portfolio Services ("Cavalry") [DE-33-1]. Cavalry was named as a defendant in this action, but on April 3, 2014, Loney moved to dismiss her claims against it [DE-24], stating that she had settled her claims with it. The court allowed her motion on April 7, 2014 [DE-27]. The Settlement Agreement and Release provides:

> [Loney] unconditionally releases and discharges Cavalry, its past and present . . . agents, representatives . . . and assigns, in their individual and representative capacities (collectively, the "Released Parties"), from any and all charges, complaints, claims, liabilities, . . . causes of action . . . arising out of any events concerning the Consumer's underlying debt at issue in the Case ("Debt"), the collection or credit reporting of the Debt, or any related matter, including Claims brought or which could have been brought in the Case . . . .

Settlement Agreement [DE-31-1] ¶ 3(a). CMS asserts that any contact it had with Loney giving rise to the claims she has asserted against it was while it was acting as an agent, representative, or assign of Cavalry. *See* Magnuson Decl. [DE-31-2] ¶¶ 3-4. CMS argues that the unambiguous language of the Settlement Agreement and Release consequently operates to release Loney's claims against

2

CMS.

The court agrees. *See Hamm v. Spalding Cnty.*, 842 F. Supp. 2d 1369, 1372-73 (N.D. Ga. 2012) (dismissing a plaintiff's claims against defendant where plaintiff executed a settlement agreement releasing co-defendant and any "employees" of the co-defendant); *Argyle Capital Mgmt. Corp. v. Lowenthal, Landau, Fischer & Bring, P.C.*, 261 A.D.2d 282, 690 N.Y.S. 2d 256 (1st Dep't 1999) (affirming a motion to dismiss the complaint against defendants who were "agents" of party released by settlement agreement).[1] Accordingly, Loney's claims against CMS are DISMISSED.[2] The Clerk of Court is DIRECTED to continue the management of this case.

SO ORDERED.

This the 18 day of December, 2014.

_____
James C. Fox
Senior United States District Judge

---

[1] The Settlement Agreement and Release provides that it is governed by New York law. *See* Settlement Agreement and Release [DE-31-1] ¶ 7.

[2] Because the court finds that the Settlement Agreement and Release operates to release Loney's claims against CMS, it does not reach the other arguments regarding whether Loney adequately pleaded any of her claims.

3