IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-49-F

JOYCE LONEY, )
 )
       Plaintiff, )
 )
 )
 )
 )     **ORDER**
v. )
 )
HSBC CARD SERVICES, CAPITAL )
ONE SERVICES, LLC, CAVALRY )
PORTFOLIO SERVICES, FINANCIAL )
RECOVERY, CAPITAL )
MANAGEMENT, EQUIFAX )
INFORMATION SERVICE, )
 )
       Defendants. )

This matter is before the court on the Motion for Judgment on the Pleadings [DE-40] filed by Defendant Financial Recovery Systems ("FRS") and the Motion to Compel Private/Contractual Arbitration and in the alternative, to Stay [DE-47] filed by the *pro se* Plaintiff Janice Loney. For the reasons more fully stated below, the Motion for Judgment on the Pleadings is ALLOWED, and the Motion to Compel is DENIED as moot.

## I. BACKGROUND

Loney initiated this action by filing a complaint [DE-1-1] in the District Court for Brunswick County, North Carolina, against FRS and five other defendants, alleging violations of (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; (2) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; (3) N.C. Gen. Stat. § 58-70-1, *et seq.*; and (4) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The action was removed to this court on March 14, 2014 [DE-1]. Since the removal to this court, the claims against the other five

defendants have been dismissed. FRS now moves for judgment on the pleadings as to all the claims asserted against it.

Loney has failed to respond to the motion for judgment on the pleadings. Rather, well after the response deadline had passed, she filed a "Motion to Compel Private/Contractual Arbitration and in the Alternative, to Stay Proceedings Pending Arbitration" [DE-47].

## II. MOTION TO COMPEL

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, governs the rights and responsibilities of the parties with respect to an arbitration agreement. *Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 204 (4th Cir. 2004). The FAA provides, in pertinent part, that:

> [a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. As a result of this federal policy favoring arbitration, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Thus, a court "has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002).

Although there is federal policy favoring arbitration, it is generally well-settled that

2

"arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). Thus, generally a party cannot be bound to the terms of a contract that the party did not sign; however, "a party can agree to submit to arbitration by means other than personally signing a contract containing an arbitration clause." *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 416 (4th Cir. 2000). There are five recognized exceptions to the general rule, all of which arise "'out of common law principles of contract and agency law'.... '1) incorporation by references; 2) assumption; 3) agency; 4) veil piercing/alter ego; and 5) estoppel.'" *Id.* at 417 (quoting *Thomson-CSF, S.A. v. American Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995)).

In this case, Loney proffers only the existence of an arbitration agreement between her and another now-dismissed Defendant, Capital One. *See* Mot. to Compel, Ex. C [DE-47-3]. FRS plainly is not a signatory to the agreement. Nor has Loney proffered evidence showing that any of the five recognized exceptions to the general rule that a party must be signatory to an arbitration agreement is applicable here. Accordingly, there is no basis to compel FRS to arbitrate Loney's claims, and her motion [DE-47] is DENIED.

### III. MOTION FOR JUDGMENT ON THE PLEADINGS

FRS moves to dismiss the complaint under Federal Rule of Civil Procedure 12(c). Rule 12(c) states, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). With the exception that the court may consider the defendant's answer as well as the complaint, Rule 12(c) motions are typically analyzed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Burbach*

3

*Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002); *Mendenhall v. Hanesbrands, Inc.*, 856 F. Supp. 2d 717, 723 (M.D.N.C. 2012). Thus, a court must determine the legal sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In so doing, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (citing *Twombly*, 550 U.S. at 555 (2007)). Moreover, although the court draws all reasonable factual inferences in a plaintiff's favor, the court is not obligated to accept a complaint's legal conclusions drawn from the facts. *Iqbal*, 129 S.Ct. at 1949-50. Nor must the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 301-02 (4th Cir. 2008)(quotations omitted). Moreover, the court must keep in mind that " a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 93 (internal citation omitted). Notwithstanding the court's obligation to liberally construe a *pro se* plaintiff's allegations, however, the court cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

At the outset, the court observes that Loney filed a very similar complaint in another action removed to this court, *Loney v. State Collection Service*, No. 7:13-CV-00247-BR. In that action, the Honorable W. Earl Britt dismissed Loney's claims against the only named defendant, observing that Loney "made virtually no factual allegations against" the named defendant, save for her allegations

4

that the defendant "regularly collects debts in the State of North Carolina," that it "placed approximately (5) five telephone calls" to her cellular phone, and that it "never validated the alleged disputed debt." *See id.*, 2014 WL 1233244, at *2 (E.D.N.C. Mar. 25, 2014). Judge Britt noted that Loney provided

> no detail on the timing or content of the calls, the nature of the "undisputed debt," her efforts to communicate her dispute to [the defendant] and other relevant parties, or any other material facts. Beyond its factual allegations, the complaint consists largely of legal conclusions and paraphrased statutory text, the mode of pleading specifically rejected by the Supreme Court . . . .

*Id.* The same is largely true of the complaint in this case, except the lack of factual allegations is exacerbated by Loney's indiscriminate pleading against all the named defendants in this action. Consequently, FRS has been given very little notice—if none at all—as to how and when it allegedly violated various federal and state statutes.

To the extent that Loney's allegations can be read as providing some notice to FRS, she has failed to state a claim. Her first asserted claim is for violation of the FDCPA; she alleges that "Defendant(s)" violated the FDCPA by "engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt." Compl. [DE-1-1] ¶ 33. She appears, accordingly, to be attempting to assert a claim under 15 U.S.C. § 1692d, which prohibits a debt collector from "engag[ing] in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt" and specifically provides that "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number" is violation of the statute. The only allegations related to this claim are that the "Defendant(s) . . . contacted Plaintiff regarding an alleged debt . . . by calling [her] cellular telephone so many times, it was to the point of harassing," and that "Defendant(s)" made 7 calls to

her cellular telephone number. Compl. [DE-1-1] ¶¶ 25, 51-52. These allegations are insufficient to state a claim against FRS, because Loney is either parroting the statutory text, or has provided insufficient information regarding the actions of FRS—as opposed to the other six defendants—to push her claims across the threshold of being plausible. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012)("This kind of conclusory allegation—a mere recitation of the legal standard—is precisely the sort of allegations that *Twombly* and *Iqbal* rejected.").

Loney also has failed to state a claim under the FCRA against FRS. She asserts that FRS "did not have a permissible purpose to obtain [her] credit reports." Compl. [DE-1-1] ¶ 37. In so doing, she appears to be attempting to state a claim under 15 U.S.C. § 1681b of the FCRA, which requires that a person obtaining a credit report have a permissible purpose. The FCRA delineates several "permissible purposes" for purposes of the statute, and "expressly permits distribution of a consumer report to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.'" *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 34 (3d Cir. 2011) (quoting § 1681b(a)(3)(A)) (emphasis in original). Here, Loney has expressly alleged that FRS was attempting to collect a debt from her. *See* Compl. [DE-1-1] ¶ 9. Accordingly, FRS *would* have a permissible purpose to obtain her credit report, and her claim under the FCRA must be dismissed.

Finally, Loney's third and fourth claims for relief, attempting to state claims under the North Carolina Collection Agency Act and the TCPA, also fail to state a claim. Again, she merely parrots legal conclusions and statutory language, and fails to state which of the defendants took any of the

6

action she alleges violates the statutes. *See Bryant v. Wells Fargo Bank, Nat'l Ass'n*, 861 F. Supp. 2d 646, 653 (E.D.N.C. 2012) (dismissing claims under the FDCPA and North Carolin debt collection laws where plaintiffs "fail[ed] to allege which of the multitude of defendants assessed . . . fees against them" and where they asserted only conclusory statements coupled with threadbare recitals of a cause of action). Consequently, these claims, like all of Loney's claims, must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Loney's Motion to Compel [DE-47] is DENIED and FRS's Motion for Judgment on the Pleadings [DE-40] is ALLOWED. Loney's claims against FRS are DISMISSED, and the Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the _10_ day of June, 2015.

_James C. Fox_
James C. Fox
Senior United States District Judge

7